Curia, per Harper, Chancellor.
We do not think it necessary to inquire whether the instrument of August, 1833, was a lease for life, or at will. If it was the former, as contended for by complainants, it will avail them in their defence at law. The Chancellor seems to have decided on the ground, that the party seeking performance must have performed his part, or have partially performed it, and be ready and willing to perform the rest. I find no authority that a party, who has partially performed his part, must make the formal allegation that he is ready and willing to perform the rest. That is implied in the fact of bringing his bill. It is known that the Court will not decree performance in his favor, but on the condition of performance by himself. At all events, the defect, if any, being merely formal, .should have been taken advantage of by demurrer. But the complanants allege that they have performed ; and the objection is, that a different case is made by the evidence, from that which is stated by tlie bill. In general, I think that when evidence is introduced, to make out a different case from that stated, it.ought tobe objected to, I would not say at the moment it is offered, but in the progress of the cause; and if this be not done, the objection will be taken to be waived, and the Court will proceed to give relief, if the evidence makes a case for relief The same strictness of pleading and proof, certainly does, not obtain in this Court as in the Courts of law. Bills often containing a variety of complicated details, it happens, almost daily, that a casé is made out different in some degree, from that stated. The only rule which can be laid down, is, that the Court will see that the defendant is not surprised by a case which he could not be prepared to meet. But what possible surprise can be operated on the defendants, in the present case? It is alleged that there was an agreement. They are put upon the proof that there was no agreement. Complainants allege that they have performed; defendants are put upon the proof that. *318 they have not performed. A certain consideration for the contract is alleged; defendants are put upon the proof of a different consideration; and they, themselves, have furnished the proof. These, indeed, were the matters in issue. What possible advantage could arise to the defendants, from permitting the complainants to amend their bill, for the purpose of stating the case according to the fact. If, in England, where a re-conveyance is necessary, a mortgagor should bring his bill for that purpose, alleging that he had paid off the mortgage, and, upon investigation, it should be found that a small balance was still due, can it be thought that his bill would be dismissed, and be compelled to bring a new bill, alleging he had paid all but 50 shillings 1 I do not think that the complainants can enforce this contract, on the ground of part performance. I think upon the preponderance of authority, that the payment of money cannot be regarded as part performance. It is said that it must be such an act as would operate a fraud upon the party, if the contract were not performed in full; and the money may be recovered back. Clinan vs. Cooke, 1 Sch. & Lef. 40; O' Herlibey vs. Hedges, 2 Sch. & Lef. 129.
Nor do Í think that the continuing in possession after the sale, is such a part performance as will authorize tlie Court to enforce the contract. It is said that when the tenant is in possession, at the time of an agreement for a new lease, and only continues in possession, this is no part performance. Morphett vs. Jones, 1 Swaust. 181. It must be some positive act, done in reference to the agreement, and intended to be in execution of it. Ib.; and see Anderson vs. Chick, 1 Bail. Eq. 124, and the cases there refered to.
It remains to inquire, whether the receipt of the 4th of January, 1836, acknowledging the receipt of money, “in part payment of the tract of land that I was interested in, and sold by the sheriff, and purchased by Col. C. L. Goodwin, and which land was sold by C. L. Goodwin, to Benjamin Hatcher; this, in part payment, to redeem the said land from Benjamin Hatcher,” constitutes a sufficient memorandum of the agreement. And if we are to resort to the written memorandum, we must find all the terms of the^agreement in it, and cannot help it out by parol, or extrinsic evidence, The land is very sufficiently identified *319 by the memorandum. The time for the payment of the consideration money, is not fixed; but, in such case, a reasonable time is always understood, and, in the present case, I should understand it to be before titles are executed. The amount of the consideration money is not stated, but an agreement is acknowledged to permit the party to redeem the land. What is the meaning of the word redeem? I believe it has a very well understood meaning, to wit, to reimburse the purchaser the money he has paid for the property. In the case of a mortgagor, it means to pay the amount of money secured, with interest: and so, in the case of a pledge or pawn, to reimburse the money advanced upon it. I regard the memorandum as explicit as if it had said, “ upon the re-payment of the money advanced by me, for the purchase of the said land.” Then, can we resort to extrinsic evidence for the purpose of ascertaining the price which was so paid! It does not appear to me, to come within the rule which forbids parol evidence to be introduced, for the purpose of adding to, explaining, or contradicting a written instrument. The memorandum is certain, and unambiguous; thougii it refers to an extrinsic fact, which must be ascertained before the agreement can be carried into effect. It is analagous to the case of a deed, which, after stating a particular consideration, adds, “and for other good causes and considerations.” Here, parol evidence is received of other considerations, because the testimony is not to contradict or vary the deed, but is consistent with it, and intended to give it effect. If the agreement were to sell land, at a price hereafter to be fixed, by arbitrators indifferently chosen, I suppose there could be no doubt that, when it was so fixed, this might be shown to give effect to the agreement. So, as it appears to me, where the stipulation- is to pay such price, as I can show myself to have paid for the land ; upon making such showing, there is nothing to forbid the agreement’s being carried into effect. But, in this case, we do not resort to parol, though to extrinsic evidence, for ascertaining the fact in question. The notes and mortgage of Benjamin Hatcher, afford indisputable evidence of it; and this evidence was introduced by the defendants, themselves.
*320 It is, therefore, ordered and. decreed, that so much of the bill as seeks to enjoin the suit of the defendant, Chris-tiana Hatcher, for the land in question, be dismissed; and that the defendants, the heirs of Benjamin Hatcher, upon the payment to them of so much money as was paid by the said Benjamin Hatcher, to C. L. Goodwin, for the said land, with interest from the time of the payments, respectively, execute the said complainants a good and sufficient title for the said land ; and that it be referred to the Commissioner to take an account of the said payments and interest, and of the amounts already paid by the complainants, towards their said purchase, and that he report the balance due.
WM. HARPER.
The whole Court concurred.